IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



LARRY BUTLER, §
 §
    Petitioner, §
 §
v. § No. 4:10-CV-977-A
 §
RICK THALER, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
    Respondent. §

### MEMORANDUM OPINION
### and
### ORDER

The court, having reviewed petitioner's application to proceed *in forma pauperis*, has determined that the petitioner is entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(A)(1)-(2).

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Larry Butler, a state prisoner currently incarcerated in Huntsville, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as successive. No service has issued upon

respondent.

I. FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving a 38-year sentence on his conviction for aggravated robbery with a deadly weapon in the 297th District Court of Tarrant County, Texas, case no. 0844555R. Petitioner has previously sought both state and federal postconviction habeas relief challenging the same conviction. *See Butler v. Quarterman*, No. 4:06-CV-402-A (denied on the merits) (COA denied); *Butler v. Thaler*, No. 4:10-CV-689-A (denied as successive) (pending on appeal). The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal habeas petition.

II. SUCCESSIVE PETITION

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Petitioner, once again, attempts to raise eighteen grounds,

2

which were or could have been raised in his prior petitions. Because petitioner did or could have raised the claims in his prior federal petitions, this petition is successive on its face. Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as

petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED January 7, 2011.

_____
JOHN McBRYDE
United States District Judge